# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY DaLAWRENCE TAYLOR, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-19-29-G ) |
| MIKE WADE, | ) ) |
| Respondent. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 9) issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner, a state prisoner appearing pro se, brought this action seeking habeas corpus relief under 28 U.S.C. § 2254. Judge Erwin recommends that the Petition for a Writ of Habeas Corpus (Doc. No. 1) be dismissed as untimely.

On February 25, 2019, Petitioner filed a timely objection to the Report and Recommendation. *See* Objection to Report and Recommendation (Doc. No. 10). Plaintiff's objection triggers de novo review by this Court. *See, e.g., United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Judge Erwin concluded that the one-year limitations period for Petitioner's habeas action began to run on July 8, 1999, and expired on July 10, 2000.[1] *See* Report and Recommendation at 2-3. Judge Erwin further concluded: (1) that statutory tolling was

---

[1] Because Petitioner did not appeal the guilty pleas entered on June 28, 1999, his conviction became final ten days later. *See* Report and Recommendation at 2-3.

unavailable because Petitioner's state application for post-conviction relief was not timely filed; and (2) that Petitioner failed to establish an entitlement to equitable tolling. *See id.* at 3-5.

In his objection, Petitioner makes various arguments but at no point does he present any valid ground for statutory or equitable tolling of the July 2000 deadline to file a habeas petition. Petitioner most notably states that he "was just recently able to understand minutely elements of violations." Objection at 2. But any prior failure on his part to appreciate certain legal arguments would not justify a late habeas petition: "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000) (citation omitted); *accord Morrison v. Bryant*, No. CIV-16-268-HE, 2016 WL 4224011, at *4 (W.D. Okla. Apr. 29, 2016), *report and recommendation adopted,* No. CIV-16-0268-HE, 2016 WL 4212276 (W.D. Okla. Aug. 9, 2016) ("ignorance of the law does not excuse timely filing of a habeas action and fails to justify Petitioner's lack of diligence in pursuing federal habeas relief"). Likewise, Petitioner's unexplained reference to "ineffective assistance of counsel," Objection at 2, does not satisfy his burden to show that extraordinary circumstances prevented timely filing of a habeas petition and that he acted with the requisite diligence. *See Vue v. Dowling*, 716 F. App'x 749, 752 (10th Cir. 2017), *cert. denied,* 138 S. Ct. 1556 (2018), *reh'g denied,* 138 S. Ct. 2713 (2018) (petitioner's claim of ineffective assistance did not establish entitlement to equitable tolling where petitioner "fail[ed] to provide sufficient evidence that his lawyer's purported negligence prevented him from filing a habeas application within the one-year limitations period" and "provide[d] no explanation

for his failure to follow up on the matter for the 17 years that passed between the time his conviction became final and the time he sought habeas relief in federal court"). The remainder of Petitioner's objections are simply reassertions of the substantive claims in his Petition, which Judge Erwin properly dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

It is therefore ORDERED that the Report and Recommendation (Doc. No. 9) is ADOPTED, and the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice. It is further ORDERED that a COA is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 4th day of April, 2019.

*[signature]*
CHARLES B. GOODWIN
United States District Judge